# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1590V
Filed: July 30, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| SCOTT BOWSHER *and* CANDY BOWSHER, *Natural Father and Mother, on behalf of MB, a Minor* * * * * | * * * * | UNPUBLISHED |
| Petitioners, * | * | Decision on Joint Stipulation; Myositis; Influenza ("Flu") Vaccine |
| v. * | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | * * * | |
| Respondent. * | * | |
| * * * * * * * * * * * * | | |

*Kathy Lee, Esq.*, Cline, Farrell, et al., Indianapolis, IN, for petitioners.
*Julia Collison, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On October 15, 2018, Scott and Candy Bowsher ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, M.B. Petitioners alleged that M.B. developed myositis after receiving an influenza ("flu") vaccination on October 27, 2015. Stipulation, filed July 30, 2019, at ¶¶ 1-4. Respondent denies that the aforementioned immunizations caused M.B.'s alleged myositis or any other injury or his current condition. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On July 30, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $165,000.00 in the form of a check payable to petitioners, as legal guardian(s)/conservator(s) of the state of M.B. for the benefit of M.B.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

SCOTT BOWSHER and CANDY
BOWSHER, Natural Father and Mother, on
behalf of M.B., a Minor,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 18-1590V
**Special Master Roth**
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Scott Bowsher and Candy Bowsher, Natural Father and Mother, on behalf of M.B., a Minor ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to M.B.'s receipt of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on October 27, 2015.

3. The vaccine was administered in the United States.

4. Petitioners allege that as a result of receiving the flu vaccine, M.B. suffered myositis, and experienced the residual effects of this injury for more than six months.

5. Petitioners represents that there has been no prior award or settlement of a civil action for damages as a result of M.B.'s alleged condition.

6. Respondent denies that the flu vaccine caused M.B.'s alleged myositis or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues

1 of 5

between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $165,000.00 in the form of a check payable to petitioners, as legal guardian(s)/conservator(s) of the estate of M.B. for the benefit of M.B..

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for

the benefit of M.B. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of M.B.'s estate under the laws of the State of Indiana. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of M.B.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of MB upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities and as legal representatives of MB, on behalf of themselves, MB, and his heirs, executors, administrators, successors, or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of MB resulting from, or alleged to have resulted from the flu vaccine administered on October 27, 2015, as alleged in a Petition filed on October 15, 2018, in the United States Court of Federal Claims as petition No. 18-1590V.

15. If M.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused MB's alleged myositis, or any other injury.

19. All rights and obligations of petitioners shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

_____
SCOTT BOWSHER

_____
CANDY BOWSHER

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
KATHY A. LEE
Cline Farrell Christie & Lee
951 N. Delaware Street
Indianapolis, IN 46202-3377
(317) 488-5500

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Ward Sorensen for
_____
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: 7/30/19